PETER O'CLAIR, Plaintiff and Appellant, v. LEDYARD P. HALE, as Receiver of the CANTON LUMBER COMPANY, Defendant and Respondent.

*Mechanic's lien for services in cutting, skidding and drawing logs — 1897, chapter 418, § 70 — the lienor must show possession.*

Where a person who has been employed by a corporation, at a stipulated compensation, to cut, skid and draw logs purchased by it, seeks to compel the receiver of the corporation to recognize a lien upon the logs, under section 70 of chapter 418 of the Laws of 1897, for services thus rendered, he must, in order to establish the lien, show possession of the logs by him, and such possession is not shown by proof merely of his employment by the corporation.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

Appeal by the plaintiff, Peter O'Clair, from an order of the Supreme Court, made at the St. Lawrence Special Term and entered in the office of the clerk of the county of St. Lawrence on the 15th day of October, 1898, denying the plaintiff's motion, made upon an agreed statement of facts, for an order directing the receiver to recognize the plaintiff's alleged lien.

*William Neary*, for the plaintiff.

*Lawrence Russell*, for the defendant.

PER CURIAM : ·

The plaintiff, having a claim of $757.42 against the Canton Lumber Company, a corporation of which the defendant has been appointed receiver, for services in cutting, skidding and drawing a quantity of logs, seeks to enforce an alleged lien thereon, under and by virtue of the provisions of section 70, chapter 418, Laws of 1897.

The statute in question did not create a lien in favor of the plaintiff on the logs unless he is or was in possession thereof. It is stated in the submission that such logs were purchased by the Canton Lumber Company, and that it employed the plaintiff to cut, skid and draw them for a stipulated compensation. To entitle the plaintiff to the relief demanded he is compelled to show possession of the logs. The facts stated in the submission do not establish such possession. They show that the plaintiff was employed by the Canton Lumber Company to do the work in question. In the absence of any statement of facts in the submission showing possession of the logs in the plaintiff, it is to be presumed that this property purchased by the defendant and which it employed plaintiff to work upon remained in its possession. Such possession as the plaintiff had as an employee should be deemed the possession of his employer, the Canton Lumber Company. The mere statement in the submission that the corporation employed the plaintiff to cut, skid and draw some logs owned by it does not show such a possession of the logs in the plaintiff as entitles him to a lien under the statute.

The authorities cited by the learned counsel for the plaintiff are distinguishable from this case.

We conclude that the plaintiff has no lien upon the logs in question, and, hence, answer the question propounded in the submission in the negative.

The order should be affirmed, and judgment rendered for the defendant on the submission, with costs.

All concurred.

Order affirmed, and judgment ordered in favor of the defendant on the submission, with costs.